[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12748
Non-Argument Calendar
_____

Agency Nos. A98-702-206
and A98-702-207

ADRIANA VASQUEZ ARANGO,
MARIA CAMILA MARTINEZ VASQUEZ,
DANIELA MARTINEZ VASQUEZ,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 13, 2007)**

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Adriana Vasquez Arango, also on behalf of her children, Maria Camila Martinez Vasquez and Daniela Martinez Vasquez ("Petitioners"), petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). First, petitioners, natives and citizens of Colombia, argue that the BIA erred in denying their application for asylum because it failed to analyze and consider the country conditions in Colombia in determining whether Arango had a well-founded fear of future persecution.

Second, as to petitioners' claims concerning the BIA's denial of their application for withholding of removal and CAT relief, petitioners failed to exhaust administrative remedies as to those claims and, thus, we lack jurisdiction to review them. Further, petitioners do not challenge the BIA's decision as to these claims on review and, therefore, have abandoned them.

For the reasons set forth more fully below, we deny the petition for review in part and dismiss the petition for review in part.

I.

We "review only the [BIA's] decision, except to the extent that it expressly

2

adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA affirmed the IJ's decision, but did not expressly adopt its reasoning, we review only the BIA's decision. Id.

To the extent that the BIA's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). "To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it." See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (addressing withholding of removal under the INA).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or,
> in the case of a person having no nationality, is outside any country in
> which such person last habitually resided, and who is unable or
> unwilling to return to, and is unable or unwilling to avail himself or

herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (quotations omitted) (emphasis in original). For example, an asylum applicant may not show merely that she has a political opinion, but must show that she was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). We have held that "persecution," as used to illustrate that an alien has suffered "past persecution," is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alterations

4

omitted).

An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a future threat to her life or freedom on a protected ground in her country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," an applicant must show that he has a fear of persecution in his home country and that "there is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(I). Further, "an applicant must demonstrate that [her] fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289.

Upon reviewing the record, substantial evidence supports the BIA's decision that petitioners were not entitled to asylum under the INA. As to Arango's claim of past persecution, the evidence in the record demonstrates that FARC members and paramilitary groups separately threatened her employer and demanded a portion of the petroleum that it was producing in Casanare, Colombia. Arango's employer suspended its operations for a period of time, but eventually resumed work after it yielded to the demands of paramilitary groups. After making these concessions, Arango's employer was targeted and threatened by the FARC, who attempted to kidnap one of the company's executives in Bogota, Colombia. Although the facts in the record demonstrate that her employer experienced threats

5

and harassing behavior from the FARC, Arango did not present any evidence that either she or her children personally were threatened. To the contrary, Arango consistently stated that she never received any threats from the FARC. Arango also admitted that, although her family was associated with the Liberal Party, she did not belong to any groups or organizations in Colombia.

Similarly, as to Arango's claim that she established a well-founded fear of future persecution if she returned to Colombia, the record indicates that Arango's family members have remained in Colombia without incident. Additionally, Arango failed to present evidence that the FARC maintained an interest in harming her or that she would be singled out for persecution by the FARC if she returned to Colombia. There is little, if any evidence linking Arango's activities on behalf of her employer and the FARC's threats, nor does she testify that the FARC indicated that they had imputed a political opinion to her. Rather, the evidence Arango did submit with her application, including a letter from her mother and a news article reporting the high rate of kidnappings perpetrated by the FARC and other terror groups, without more, appears to illustrate general "civil strife" occurring in Colombia, which does not constitute persecution. See Perlera-Escobar v. Exec. Office for Immigration, 894 F.2d 1292, 1297 (11th Cir. 1990) (discussing whether petitioner's fear of harm from both sides of a civil war constituted persecution or

6

"civil strife outside the intended reach of the [INA]"). Based on this evidence, and lack of evidence, respectively, the record does not compel reversal of the BIA's finding that Arango failed to show either past persecution or a well-founded fear of future persecution. Because Arango did not show that she suffered past persecution or that she has a well-founded fear of future persecution based on a protected ground, she did not establish eligibility for asylum. Accordingly, we deny the petition for review in this respect.

II.

We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). "The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). We have "interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA." Id. Furthermore, we do not have jurisdiction to review a claim not exhausted before the BIA even if the BIA has sua sponte addressed it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (dismissing petitioner's claim where petitioner failed to

7

present the IJ's adverse credibility determination before the BIA, but the issue was sua sponte addressed by BIA). This is so because our review of claims not raised before the BIA, even when the BIA addresses them, would frustrate the objectives of the exhaustion requirement—ensuring that the agency "has had a full opportunity to consider a petitioner's claims" and "allow[ing] the BIA to compile a record which is adequate for judicial review." Id. at 1250.

Petitioners did not mention withholding of removal or CAT relief in either their notice of appeal or their brief before the BIA. Although petitioners made a brief reference to the IJ's denial of these claims in their brief before the BIA, they made no argument related to those claims and set forth no applicable rules of law. Therefore, petitioners failed to exhaust their administrative remedies with respect to their claims for withholding of removal and CAT relief. Although the BIA sua sponte found that petitioners were ineligible for withholding of removal and CAT relief, this does not alter the conclusion that they failed to exhaust their administrative remedies with respect to review before this Court. See 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga, 463 F.3d at 1250-51.

Further, the petitioners do not raise any argument in their brief before this Court regarding the IJ's denial of their application for withholding of removal or CAT relief. Accordingly, even if petitioners had exhausted these claims before the

BIA, they have since abandoned them on review.  <u>Sepulveda</u>, 401 F.3d at 1228 n.2

(holding that, where an appellant fails to raise arguments regarding an issue on

appeal, that issue is deemed abandoned).  Accordingly, we dismiss the petition for

review in this respect.

In light of the foregoing, the petition for review is

DENIED IN PART, DISMISSED IN PART.